# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TIMOTHY M. OSMAR,**

        **Plaintiff,**

-vs-                                      Case No. 6:12-cv-185-Orl-31DAB

**CITY OF ORLANDO,**

        **Defendant.**

_____

# ORDER

This matter comes before the Court without a hearing on the Motion for Recusal (Doc. 14) filed by the Defendant, the City of Orlando (henceforth, the "City"), and the response in opposition (Doc. 16) filed by the Plaintiff, Timothy Osmar (henceforth, "Osmar").

**I.    Background**

According to the allegations of his Complaint (Doc. 1), Osmar is an activist, affiliated with a group popularly known as "Occupy Wall Street". He has been arrested twice for writing messages in chalk on Orlando sidewalks. In both instances, he was charged with violating Section 43.71 of the City Code of the City of Orlando, which makes it unlawful for any person "to write, print, mark, paint, stamp or paste any sign, notice or advertisement upon the surface of any sidewalk or paved street in the City." (Doc. 1 at 4). He contends that the messages he wrote (or, in some cases, would have written, had he not been arrested first) were political in nature, such as "Justice Equals Liberty," "It's Beginning to Look a Lot Like a Police State," and "All I Want for Christmas is a Revolution." (Doc. 1 at 4). After the arrests, the charges were dropped.

Osmar filed this suit on February 6, 2012. He argues that the arrests violated his rights under the First Amendment, because his activities involved political speech rather than the commercial and other speech targeted by Section 43.71.

On February 17, 2012, the City filed the instant motion, requesting that I recuse myself pursuant to 28 U.S.C. § 455(a).

## II. Legal Standards

"The right to a fair and impartial trial is fundamental to the litigant; fundamental to the judiciary is the public's confidence in the impartiality of our judges and the proceedings over which they preside." *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir.1995). "Justice must satisfy the appearance of justice." *Offutt v. United States*, 348 U.S. 11, 14, 75 S.Ct. 11, 13.

Judicial recusal is governed by 28 U.S.C. § 455, which provides in pertinent part that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard for determining the propriety of a recusal is whether a reasonable person, fully informed of the relevant facts, would question the judge's impartiality. *Parrish v. Board of Commissioners*, 524 F.2d 98, 103 (5th Cir.1975). Cases within § 455(a) are extremely fact-driven, and must be judged on their unique facts and circumstances more than by comparison to situations considered in prior jurisprudence. *United States v. Jordan*, 49 F.3d at 157. If the question of whether § 455(a) requires disqualification is a close one, the balance tips in favor of recusal. *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir.1993).

Section 455 (a), however, must not be construed so broadly that it becomes presumptive, and recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.

*Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir.1986). A judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation. If this occurred, the price of maintaining the purity of the appearance of justice would be the power of litigants or third parties to exercise a veto over the assignment of judges. *U.S. v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986).

**III.    Analysis**

The City seeks recusal pursuant to 28 U.S.C. § 455(a). The only basis for recusal cited is the fact that I have recused myself from a number of other cases involving the Orlando Police Department ("OPD"). However, those cases are materially different from this one, and the basis for my recusal in those cases is not present in this case.

About nine years ago, my youngest son was roughed up by an OPD officer. Although I did not witness it, I believed then and remain convinced that the officer used excessive force and that OPD did nothing to hold him accountable for it. Subsequently, I recused myself pursuant to 28 U.S.C. § 455(a) from some cases in which the City or OPD were parties.[1]

On January 4, 2010, in another case in which the City was a party, I entered an order that included the following:

> During the past year, the City of Orlando has moved to recuse the undersigned in several cases involving claims of excessive use of force by the Orlando Police Department. The recusal motions are based on an incident involving my youngest son many years ago. The City, however, has not been consistent in this regard, and no such motion has been filed in the instant case, among others.

---

[1] The City and OPD did not seek my recusal in every case; I do not recall refusing to recuse myself in any case in which they requested it.

> This is an issue that requires consistency. If the City continues to question my impartiality, it should so advise the Court, and I will automatically recuse myself from all matters in which the Orlando Police Department is a party. However, the City may not pick and choose, seeking my recusal in some such matters but not others. Accordingly, it is
>
> ORDERED that the City shall state in writing by way of a pleading filed on or before January 18, 2010 whether it wishes the undersigned to be recused from all cases in which the Orlando Police Department is a party.

(Doc. 86 at 1-2 in *Patrone v. City of Orlando*, Case No. 6:08-cv-1686-Orl-31KRS) (emphasis in original). The City responded on January 15, 2010 by moving for my recusal in that matter and further requesting that I recuse myself "in all matters in which the City of Orlando on behalf of the City of Orlando Police Department or any City of Orlando Police Department employee or agent is a party." (Doc. 87 at 2 in *Patrone v. City of Orlando*, Case No. 6:08-cv-1686-Orl-31KRS).

Patrone was an excessive force case in which an OPD officer was accused of wrongfully Tasering a patron at Universal Studios Citywalk. I granted the City's motion for recusal in that case, but I limited the possibility of future recusals to OPD cases which bore at least a superficial similarity to the incident involving my son. I notified the City that in the future I would " recuse myself *sua sponte* from any <u>excessive use of force cases</u> involving any member of the Orlando Police Department or the department itself." (Doc. 88 at 1 in *Patrone v. City of Orlando*, Case No. 6:08-cv-1686-Orl-31KRS) (emphasis added). I did not believe it proper to recuse myself from every single case involving the City and its police department and I did not agree to do so. Moreover, I do not recall any attempt by the City to seek my recusal in any other type of case. For example, at the time I entered the order in *Patrone*, the City was a defendant in another case on my docket: *Signature Pharmacy, Inc. v. Soares*, Case No. 6:08-cv-1853-GAP-GJK. The plaintiffs in *Signature Pharmacy* alleged that their rights under the Fourth Amendment had been violated, in

that they had been falsely arrested, but they did not allege that they had been subjected to excessive force. At the time I recused myself in *Patrone*, *Signature Pharmacy* had been actively litigated on my docket for eighteen months, and it would continue being actively litigated before me for another six months. However, the City never sought my recusal in *Signature Pharmacy*.

As a basis for recusal here, the City cites three other cases in which it was involved and in which I agreed to recuse myself – *Moch v. City of Orlando*, Case No. 6:06-cv-0069-JA-KRS; *Stuart v. City of Orlando*, Case No. 6:06-cv-1949-Orl-JA-DAB; and *Whitlow v. City of Orlando*, Case No. 6:11-cv-932-JA-GJK. In all three of these cases, the plaintiff alleged that an OPD officer violated his or her Fourth Amendment rights by employing excessive force. In accord with my announcement in *Patrone*, I recused myself from the *Moch*, *Stuart*, and *Whitlow* cases, and I did so for the same reason: a belief that, given the (slight) similarity between those cases and the situation involving my son, a reasonable person might question my impartiality. 28 U.S.C. § 455(a).

However, this is not an excessive force case. It's not even primarily a Fourth Amendment case. At its heart, this is a First Amendment case, with a plaintiff who contends the City violated his free speech rights in the guise of enforcing an anti-graffiti ordinance. The only similarity between this case and the ones from which I recused myself is that it involves the City of Orlando.

Rather than *Moch*, *Stuart*, or *Whitlow*, the recent case of mine that this one most closely resembles is *First Vagabonds Church of God v. City of Orlando*, Case No. 6:06-cv-1583-GAP-KRS. In *First Vagabonds Church of God* – which was filed a few months after *Moch*, and a few months before *Stuart* – the plaintiffs brought free speech and freedom of religion claims under the First Amendment after they were arrested by OPD officers for feeding homeless people in an Orlando park. Unlike *Moch*, *Stuart*, and *Whitlow*, *First Vagabonds Church of God* did not involve

excessive force claims; and unlike *Moch*, *Stuart*, and *Whitlow,* the City did not seek my recusal in *First Vagabonds Church of God*.

Having considered the matter, I do not believe the minimal similarity between the allegations in the instant case and the incident involving my son nearly a decade ago would cause a reasonable person to question whether I could try this matter impartially. I will therefore continue to fulfill my obligation to oversee the cases that are randomly assigned to me, including this one.

Accordingly, it is hereby

**ORDERED** that the Motion for Recusal (Doc. 14) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 23, 2012.

                                                   GREGORY A. PRESNELL
                                          UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party